The plaintiff brought this suit against the defendant on a note signed by her for the sum of $503.54, payable on demand to the order of the plaintiff. The note is dated October 16, 1945, and has a paraph on its face reading as follows: "Ne Varietur, to identify with an act of agreement final account, Baton Rouge, Oct. 16, 1945, Moise Thibodeaux, Notary Public".
The defendant filed exceptions of vagueness, non-joinder of parties defendant, and of no right or cause of action. The exception of vagueness was sustained to the extent of requiring plaintiff to allege whether or not the agreement referred to in the paraph on the note was verbal or in writing. By supplemental petitions, the plaintiff alleged that the agreement was verbal and was to the effect that defendant would have the right to pay the note at the rate of $30 per month. It is not alleged that there was any agreement to the effect that if one installment was not paid when due, all the remaining installments would become due and payable.
Defendant then filed an exception of prematurity which was sustained by the court and his suit dismissed. From this judgment of dismissal, the plaintiff has appealed.
[1] We are of the opinion that the trial judge was in error in dismissing plaintiff's suit. Assuming that the defendant could prove by oral testimony that such an agreement was entered into giving her the right to pay the note at the rate of $30 per month, it is obvious that at the time she filed her plea of prematurity (February 20, 1946) there was then due at least four installments of $30 each.
If he proves his claim, the plaintiff would have the right to recover the installments which were due at the time the exception of prematurity was filed. First State Bank Trust Co. v. Crain, 157 La. 427, 102 So. 513, 38 A.L.R. 347.
[2] The question is raised by counsel for plaintiff as to the right of the defendant to file this plea of prematurity. It is contended that such a plea is a dilatory plea and, therefore, must be filed in limine. This contention is not well founded for the reason that the defendant was not advised in the pleadings as to the nature of the alleged mode of payment referred to in the paraph until the supplemental petitions were filed explaining the said paraph. The exception of prematurity was the first pleading filed by the defendant after these supplemental petitions informed her of the agreement on which it is claimed the prematurity exists. *Page 457 
For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the case be remanded to the district court to be proceeded with according to law and the views herein expressed; costs of the appeal to be paid by the defendant, and all other costs to await the final termination of the case.